*recpt # 3348*
*SUM 155*
*1538*

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLENE R. McABEE,<br>    Plaintiff, | ) )<br>)<br>) |
| vi. | ) |
| | ) |
| COMMONWEALTH OF PENNSYLVANIA<br>DEPARTMENT OF PUBLIC WELFARE<br>AND THOMAS CHEFFINS; and<br>THE PENNSYLVANIA STATE CIVIL<br>SERVICE COMMISSION, JOHN J. WILK<br>AND RONALD K. ROWE,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO. 05   0564

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following

pages, you must take action within twenty (20) days after this Complaint and Notice are served,

by entering a written appearance personally or by attorney and filing in writing with the court y

our defenses or objections to the claims set forth against you. You are warned that if you fail to

do so the case may proceed without you and a judgment may be entered against you by the court

without further notice for any money claimed in the complaint or for any claim or relief

requested by the Plaintiffs. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO
NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE
OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

ROBERT V. BARTH, JR., CLERK
ROOM 311, U.S. POST OFFICE & COURTHOUSE
700 GRANT STREET
PITTSBURGH, PA   15219
412-208-7500

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLENE R. McABEE,                )
                Plaintiff,      )
                          )
         v.                            )       CASE NO.
                          )
COMMONWEALTH OF PENNSYLVANIA )
DEPARTMENT OF PUBLIC WELFARE )
AND THOMAS CHEFFINS; and        )
THE PENNSYLVANIA STATE CIVIL   )
 SERVICE COMMISSION, JOHN J. WILK )
 AND RONALD K. ROWE,             )
                Defendants.     )

## CIVIL COMPLAINT

AND NOW, comes the plaintiff, Charlene R. McAbee through her Pro Se Attorney,

Cheryl McAbee and files the within Civil complaint and in support thereof avers the following:

## PRELIMINARY STATEMENT

This is a civil rights action for damages grounded in the Fourteenth Amendment to the

United States Constitution, 42 U.S.C. sections 1981, 1983, and 1988, and Title VII (42 U.S.C.

2000e et. Seq.) and the Age Discrimination in Employment Act of 1967, as amended (ADEA).

There are also pendent jurisdiction claims grounded in the Pennsylvania Constitution Article 1

sections 1,2,5,7,11, and 26, and The Pennsylvania Human Relations Act, (43 P.S. section 955).

Plaintiff Charlene R. McAbee alleges that she and her sister, Cheryl R. McAbee were as

qualified as the successful candidate yet they were disqualified for reasons the successful

candidate was qualified for, because of race (African American) and age (over 40).

Reduced to its essence, this case involves a custom, pattern, and policy of discrimination, and retaliation, related to events and circumstances, involving the employment practices of the Department of Public Welfare and the PA Civil Service Commission.

What the Plaintiff contends here is uncomplicated, that is, that she has been denied equal employment, and retaliated against, as per a custom, policy, and practice that systematically discriminates against African-Americans, women, and applicants over forty years of age.

That is, the Commonwealth of Pennsylvania State Civil Service Commission failed to acknowledge the Plaintiffs application for the position Welfare Appeals Manager, until given documented proof that a timely application was made. Apparently, such is a custom, pattern, and policy that the Commonwealth used to deny equal employment opportunities.

In particular, the Commonwealth of Pennsylvania State Civil Service Commission knowingly refused to rate the Plaintiff's examination for Welfare Hearings Appeals Manager as "Well Qualified."

However, Katrina Dunderdale, an applicant who was not a member of the relevant protected-class was interviewed for the position Welfare Hearings Appeals Manager. She was apparently rated "Well-Qualified." Ms. Dunderdale did not supervise others as required for a "Well-Qualified." rating, by the close of the application date.

Plaintiff was as qualified as the successful candidate yet was disqualified for reasons the successful candidate was qualified.

When the Plaintiff appealed the decision, as retaliation against the Plaintiff, her sister, Cheryl McAbee, a former law clerk in Pittsburgh BHA office, was denied continued employment. That is, as part of the custom, pattern and practice, the two older law clerks in the Pittsburgh office were eliminated.

2

Further, what the Plaintiff contends here is that she has been denied a public employee liberty interest to dispute the rating, and/ or denied a timely opportunity to clear her good name.

This federal constitutional claim, the Plaintiff contends arises not from the defamatory, or stigmatizing conduct per se, but from the denial of a timely name-clearing hearing to prove that she was qualified.

The Plaintiff contends that the right to one's reputation is recognized in the Pennsylvania Constitution. The Plaintiff contends she was deprived rights secured by both the U.S. and the Pennsylvania Constitutions, under the color of statute, ordinance, regulation, or a custom, pattern and practice.

## JURISDICTION

Plaintiffs invoke this courts jurisdiction pursuant to 28 U.S.C. section 1331, section 1342 (a) (3) & (4), section 1343, and section 626. This court has jurisdiction over Plaintiffs state claims pursuant to its supplemental jurisdiction as codified at 28 U.S.C. 1367.

Plaintiffs have exhausted all administrative remedies before The Pennsylvania Human Relations Commission (PHRC) and The Equal Employment Opportunity Commission (EEOC).

## VENUE

All actions complained of herein occurred within the jurisdiction of this court and involves a defendant who is within its jurisdictional reach. Venue is invoked pursuant to 28 U.S.C. section 1391(b) and 1391(c).

## PARTIES

1. Charlene R. McAbee, Esquire, is a citizen of the United States who resides in the County of Allegheny, 2005 Garrick Drive, Pittsburgh, Pennsylvania 15235. Hereinafter Plaintiff.

3

2. Defendant, Commonwealth of Pennsylvania, Department of Public Welfare (DPW), is a Department duly organized under the laws of the Commonwealth of Pennsylvania, and is a unit of a political sub-division of the Commonwealth and operates within the government of the Commonwealth and the United States, with a principle place of business of, Health & Welfare Building, Room 333, 7th & Forster Streets, Harrisburg, Pa. 17120 and a Regional Office at PA State Office Building, 300 Liberty Avenue, Room 611, Pittsburgh, PA 15222.  Hereinafter Defendant DPW.

3. Defendant, Thomas Cheffins, Director, Bureau of Hearings and Appeals of the DPW, is an agent of defendant DPW, and is a citizen of the United States, with a principle place of business of, DPW Bureau of Hearings and Appeals, 2330 Vartan Way, 2nd floor, Harrisburg, Pa. 17110-9721 and a Regional Office at PA State Office Building, 300 Liberty Avenue, Room 611, Pittsburgh, PA 15222. Hereinafter Defendant Cheffins.

4. Defendant, Commonwealth of Pennsylvania, State Civil Service Commission (CSC), is a Department duly organized under the laws of the Commonwealth of Pennsylvania, and is a unit of a political sub-division of the Commonwealth and operates within the government of the Commonwealth and the United States, with a principle place of business of, 320 Market Street, PO Box 569, Harrisburg, PA 17108-0569 and a Regional Office at PA State Office Building, 300 Liberty Avenue, 15th Floor, Pittsburgh, PA 15222. Hereinafter Defendant CSC.

5. Defendant, John J. Wilk, former Executive Director, State Civil Service Commission, is an agent of defendant CSC, and is a citizen of the United States, with a principle place of business of, State Civil Service Commission, 320 Market Street P.O. Box 569,

4

Harrisburg, PA 17108-0569 and a Regional Office at PA State Office Building, 300

Liberty Avenue, 15th Floor, Pittsburgh, PA 15222. Hereinafter Defendant Wilk.

6.   Defendant, Ronald K. Rowe, Executive Director, State Civil Service Commission, is an

agent of defendant CSC, and is a citizen of the United States, with a principle place of

business of, State Civil Service Commission, 320 Market Street P.O. Box 569,

Harrisburg, PA 17108-0569 and a Regional Office at PA State Office Building, 300

Liberty Avenue, 15th Floor, Pittsburgh, PA 15222. Hereinafter Defendant Rowe.

7.   At all times relevant hereto, the actions of the agents, employees, and/or representatives

of Defendants DPW and CSC will be collectively referred to throughout this complaint as

Defendants, except where otherwise noted.

8.   At all times relevant hereto, the actions of Defendants, its agents, and/or representatives,

was specifically done within the scope of the employment relationship, and with

knowledge and/or at the behest of the management of Defendants.

9.   At all times relevant hereto, the actions (and/or omissions) of the Defendants were carried

out by sufficiently high-ranking officials and was part of policy, official or unofficial and

not a departure from any policy.

## STATEMENT OF THE CASE

10. The action against Defendants Cheffins, Wilk and Rowe are filed in both their official

and individual capacity.

11. Plaintiff contends that race/color (Black), age (over 40), and reprisal for protected-

activities, are factors the Defendant systematically unlawfully uses as a custom, practice,

and pattern to knowingly deprive individuals of equal condition of employment.

5

12. Plaintiff contends that she is a member of protected-classes, race/color (Black) and age (over 40).

13. Plaintiff contends that acts, conduct, and/or omissions she charges as discriminatory and/ or retaliatory, are related, and/or a part of the same set of events and/or circumstances associated with like applicants who are members of the same protected classes.

14. Plaintiff contends that she is well qualified for the position in question and has qualifications of a prevailing "Well-Qualified" rating.

15. Plaintiff contends that because of their race/color (Black) and age (over 40) she and her sister were deprived of equal conditions of employment.

16. Plaintiff contends that the original misplacement of she and her sisters applications, and the thereafter "unjust" scrutiny associated with her rating created a hostile application process, and disparity in treatment for she and her sister.

17. Plaintiff contends that the unjust scrutiny caused unjust stress and directly affected her employment consideration and her sister's employment.

18. Plaintiff contends that individuals who are not of the protected-classes, in particular Katrina Dunderdale, and BHA law clerks in Philadelphia and Harrisburg were given much better treatment and not scrutinized in a like manner.

   (a) A Welfare Hearing Officer position was previously given to an individual who worked "across the hallway" on the 10th floor of the BHA offices;

   (b) A Welfare Hearing Officer (WHO) position was previously given to the 20 plus year roommate of a Welfare Hearing Officer Supervisor.

   (c) The two new January 2000 WHO positions were not advertised in Allegheny County's predominately African-American offices.

6

19. Therefore, the Plaintiff contends on more than one occasion , which is a pattern Defendant's displayed displeasure with the race/color (Black) and age (over 40) of the Plaintiff.

20. Plaintiff contends that the open display of the Defendant's displeasure with race/color (Black) and age (over 40), and the adverse treatment that is associated with the employment record infers a custom, pattern, and practice. That is a "causal connection between the protected activity and the action and/or disparity of treatment against applicants based on race/color (Black) and age (over 40)."

21. Plaintiff contends that the "unlawfulness of the custom, pattern and practice" is so apparent that no reasonable official of the Defendant could have believed such action lawful.

22. Plaintiff contends that the Defendant, having the knowledge of the wrongs and having the power to prevent or aid in preventing the commission of the same neglected or refused to take reasonable diligence to prevent what they could have prevented.

23. Plaintiff contends that Defendant Cheffins  created the non civil service position of Law Clerk to circumvent the Civil Service Act.

24. Plaintiff contends that Defendant Cheffins on or about June of 1998 promoted  an unqualified Law Clerk in less than twelve months to Attorney II and then recommended her for the  position Manager for the DPW Bureau of Hearings and Appeals.

25. Plaintiff contends that a person given a non civil service position of Law Clerk with the proviso that she would be promoted to Attorney II when she qualified is unqualified for the Attorney II position for which she sought, and therefore selection was non merit selection calculated to favor such person over persons qualified for promotion.

7

26. It is contended that the Defendants acting in concert held Dunderdale's promotion to Manager for the DPW Bureau of Hearings and Appeals as recommended by DPW in 1998 as only one promotion can be given within a twelve-month period.

27. Plaintiff contends that the Manager position was pretextually advertised again as a merit selection Civil Service position in July of 1999.

28. Plaintiff contends that she and her sister applied for employment as the Welfare Hearing and Appeals Manager for the DPW Bureau of Hearings and Appeals in Pittsburgh in 1999.

29. Plaintiff contends that she and her sister were as qualified as the successful candidate was and Defendant Cheffins disqualified she and her sister for reasons that the successful candidate, Katrina Dunderdale was qualified because they are African American.

30. Plaintiff contends that the pretextual disparaging statements concerning the denial of a "Well-Qualified" rating and the basis for the denial of her sister's continued employment are untrue.

31. Plaintiff contends that she and her sister complained to then DPW Deputy Secretary Linda Hicks and others in both an administrative and supervisory capacity.

32. Plaintiff contends that she and her sister complained to the Commonwealth Civil Service Commission.

33. Plaintiff contends that Defendant Wilk stated he found no evidence indicating a violation of the Civil Service Act even though to be Well-Qualified required an affirmative answer to the State Civil Service Commission Accelerated Examination Part 2, Question 2 have you supervised other adjudicators.

8

34. Plaintiff contends that the DPW organization chart published in November of 1999 showed the successful candidate, Katrina Dunderdale, supervised no one and should not have been certified Well-Qualified..

35. Plaintiff contends when she asked CSC to define supervising it stated it was the signing of leave slips and conducting performance evaluations.

36. Plaintiff contends that the Department of Public Welfare (DPW) had recommended Dunderdale for the promotion a second time prior to October of 1999 effective December 25, 1999 from Certification 10847.

37. Plaintiff contends that before working as a Law Clerk for DPW, Dunderdale possessed limited legal or professional experience.

38. This action is brought against the above-named Defendants and the responsible unknown individuals in their official and individual capacity.

39. Further, the acts and intentional conduct was not privileged and the Plaintiff did suffer actual legal damages.

40. Plaintiff contends that she and her sister are now forced to confront resulting stigmatism on a daily basis.

41. Plaintiff contends that the legal damages she and her sister suffered are, but not limited to, the following:

    (a) Loss of liberty and enjoyment of property;

    (b) Loss of privacy;

    (c) Loss of good name and reputation in their neighborhood, home community, and with prospective employers;

    (d) Loss of employment and future employment.

9

## COUNT ONE

Fourteenth Amendment to the United States Constitution, 42 U.S.C. sections 1981, 1983,

1985,1986and 1988, and Equal Employment Opportunity Act (Title VII) 42 U.S.C. Section

2000e et. Seq. Plaintiff incorporates all of the allegations of paragraphs 1 through 41, inclusive.

In addition, the Plaintiff duly exhausted her administrative remedies by filing various

complaints regarding the continual events, and complained of herein with the EEOC. An EEOC

Notice of Suit Rights will be mailed the week of May 2, 2005.

## COUNT TWO

Pendent jurisdiction claims grounded in the Pennsylvania Constitution, Article 1 section

1, 2, 5,7,11 and 26. The Pennsylvania Human Relations Act, (43 P.S. sections 955). Plaintiff

incorporates all of the allegations of paragraph 1 through 41, inclusive. In addition, the Plaintiff

duly exhausted her administrative remedies by filing various complaints regarding the continual

events, and complained of herein with the PHRC that was cross-filed with the EEOC. PHRC

suit rights toll May 7, 2005.

## PRAYED RELIEF

Plaintiff seeks compensatory and punitive damages, back wages, future wages, costs, fees

and reasonable legal expenses.

WHEREFORE, for the above stated reasons, the prayed relief should be granted

Respectfully Submitted,

Cheryl R. McAbee
Pro Se Attorney
2005 Garrick Drive
Pittsburgh, PA 15235
(412) 952-4321
ID# 44344

Dated: April 26, 2005

10

## VERIFICATION

I, the undersigned, do hereby certify under penalty of perjury that the forgoing information is true and correct to the best of my understanding and belief, under the penalty of perjury.

*Charlene R. M c Abee*

Charlene R. McAbee

11

05 0564

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

CHARLENE R. McABEE

**DEFENDANTS**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF PUBLIC WELFARE

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

2005 GARRICK DRIVE
PITTSBURGH, PA 15235

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:  CIVIL RIGHTS (EMPLOYMENT)

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions):  JUDGE  JOY FLOWERS CONTI   DOCKET NUMBER  03-1270

DATE  4-29-05

SIGNATURE OF ATTORNEY OF RECORD  Cheryl R. McAbee

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____